IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERNEST E. PEREZ, ID # 432473,       ) | |
|    Petitioner,       ) | |
| vs.       ) | No. 3:07-CV-0556-D (BH) |
|       ) | ECF |
| NATHANIEL QUARTERMAN, Director,       ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal       ) | |
| Justice, Correctional Institutions Division,       ) | |
|    Respondent.       ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A.  Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the calculation of time credits applied to his forty-year sentence imposed in April 1986 for a Dallas County murder (Cause No. F-86-86287). Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B.  Statement of the Case**[1]

In April 1986, petitioner pled guilty to murder and was sentenced to forty years imprisonment. He did not appeal that conviction. He unsuccessfully challenged his conviction or sentence

---

[1] The statement of the case is taken from the petition and other filings in this case, unless specifically noted otherwise.

in two state applications for writ of habeas corpus. He also challenged the calculation of his time credits in a state habeas application, which the Texas Court of Criminal Appeals dismissed because petitioner had failed to comply with TEX. GOV'T CODE § 501.0081.

On March 28, 2007, the Court received the instant federal petition from petitioner. He complains that the State has failed to give him sufficient time credit towards his forty-year sentence. He also complains that application of § 501.0081 to dismiss his most recent state habeas application violates his rights to due process.

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief, unless "there is an absence of available State corrective process; or . . . "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Furthermore, as of January 1, 2000, Texas inmates must generally pursue sentence credit issues through a dispute-resolution process within the prison system before seeking relief through the state habeas process. *See* TEX. GOV'T CODE § 501.0081 (Vernon 2004). A Texas inmate is exempt

2

from this process only when the inmate "is within 180 days" of release. *See id.* After completion of the dispute-resolution process or upon being exempted from such completion, the inmate must also pursue relief through the state habeas process to fully exhaust his state remedies. *Id.*; *Ex parte Shepherd*, 65 S.W.3d 673, 674-75 (Tex. Crim. App. 2002) (Cochran, J., concurring).

In this case, petitioner presented a state writ to the Texas Court of Criminal Appeals related to the calculation of his time credits. That court, however, dismissed the writ for failure of petitioner to comply with TEX. GOV'T CODE § 501.0081. To exhaust state remedies, petitioners must present their claims in a procedurally correct manner. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). When a petitioner has raised a claim in a procedural context "in which its merits will not be considered," he has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. *Id.*; *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

To the extent the petitioner challenges his sentence credit calculation, the Texas Court of Criminal Appeals has had no meaningful opportunity to review such claim because petitioner failed to pursue the administrative remedies accorded by TEX. GOV'T CODE § 501.0081. Petitioner, fur-

3

thermore, has not presented his due process claim relating to the dismissal of his previous state petition to the Texas Court of Criminal Appeals. Accordingly, a ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (holding that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.

Petitioner argues that he need not pursue the administrative remedies accorded by TEX. GOV'T CODE § 501.0081 because delays inherent in that process equate to "an absence of available State corrective process" or "circumstances . . . that render such process ineffective to protect [his] rights." However, a failure to exhaust state remedies due to a failure to pursue administrative remedies under § 501.0081 "does not result from either an absence of state corrective procedures or state procedures that are ineffective to protect the rights of the applicants." *Martinson v. Dretke*, No. H-05-0166, 2005 WL 2030836, at *2 (S.D. Tex. Aug. 23, 2005); *accord Holman v. Director*, No. 6:06-CV-397, 2006 WL 2792216, at *1 (E.D. Tex. Sept. 26, 2006).

### III.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein, an evidentiary hearing appears unnecessary.

### IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

SIGNED this 31st day of March, 2007.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE